By the Court:
It is the claim of the plaintiff in error, that the written agreement was invalid as a lease for the stipulated term of five years, because of the failure to have it acknowledged and recorded; and, that by entering into the possession of the premises and the payment of rent, the plaintiff in error became merely a tenant at will, or, at most, a tenant from month to month, which also continued to be the character of the tenancy when the plaintiff in error held over beyond the term; so that, upon quitting the possession at the end of the month of August, 1892, its liability ceased.
The well settled rule appears to be, however, that where the lessee enters into possession of the demised premises under a lease for a term of years at an annual rent, if the lease for any cause be void he becomes a tenant for a year at the rent reserved in the lease, and subject to all of its provisions, except its duration; and when his possession is continued into the next year, a tenancy from year to year is created, and continues so long as he enters upon a new year, until the end of the term; and this is so, though the rent be payable quarterly, or monthly, or at shorter periods. And when, after the expiration of the term., he holds over into another year without any new agreement or arrangement with the landlord, the latter may treat him as a tenant for that year at the same rent and upon the terms and conditions of his prior occupancy, or, as a trespasser at his election; but if the landlord accept the rent, or *166 acquiesce in such, holding over-for a considerable time, his election will be regarded as made in favor of the tenancy, and then it cannot be terminated before the end of the year by either party without the consent of the other.
In Wood on Landlord and Tenant, section 13, it is laid down as the established rule, that: “When a tenant under a demise for a term holds over after the termination of the time for which the premises were let to him, without a new demise, the landlord may elect to treat him as a trespasser, or as a tenant holding' under the terms of the original lease, unless it appears that by agreement or notice, the terms of the original agreement or lease were changed.” And, “when a tenant holds over, whether he is a tenant for a term of years, or from year to year, he impliedly holds according to all the conditions of the original lease which are applicable to his new situation, and the law will imply - those terms which are found in the contract which has expired.” In Taylor on Landlord and Tenant, section 22, the rule is stated as follows: “A tenant for years who holds over after the expiration of his term without paying rent, or otherwise acknowledging a continuance of the tenancy, becomes either a trespasser or a-tenant* at the option of the landlord. Very slight acts on the part of the landlord, as a short lapse of time, are sufficient to conclude his election and make the occupant his tenant. But the tenant has no such election; his mere continuance in possession fixes him as a tenant for another year, if the landlord thinks proper to insist upon it. And the right of the landlord will not be affected by'the fact that the tenant refused to renew the lease, and gave notice that he had *167 hired other premises.” And, that author further says, in section 525, that: “When the landlord suffers the tenant to remain in possession after the expiration of the original tenancy, the law presumes the holding to be upon the terms of the original demise, subject to the same rent, and to all the covenants of the original lease, so far, at least, as they are applicable to the new condition of things.” In Wood on .Frauds, section 22, it is said, that: “An entry under a lease for a term at an-annual rent, void for any cause, and payment of rent under it, creates a tenancy from year to year, upon the terms of the lease except as to its duration.” To the same effect is Wood on Frauds, section 19, and Wood on Landlord and Tenant, section 25. The law as above stated, is maintained also by other authors and text-writers wiio treat of the subject. 2 Woodfall on Landlord and Tenant, 219, 220, 222; Reed on Statute of Frauds, section 807; 12 Am. & Eng. Encyclopedia of Law, pp. 738£>, 738$', and 738r. The decisions are largely collected in the text-books referred to, and need not be cited here.
In this case, though the written agreement was ineffectual as a lease for the term of five years ’ on account of the omission of the parties to acknowledge its execution and have it recorded, the plaintiff in error, by taking possession and paying the rent under the agreement, became a tenant from year to year at the annual rent fixed by it, and payable according to its terms; and, by holding, over after the expiration of the term into the next year and paying the rent at the same rate for a part of that year, the plaintiff in error became a tenant for that year upon the terms of the former occupancy, and was not relieved from its obliga *168 tion to pay the rent for the balance of the year by the abandonment of the premises. Nor, is the obligation to pay the rent for the balance of that year within the statute of frauds. The tenant, by holding over, is regarded as consenting or proposing to enter upon a new term for another year at the same rent and upon the conditions of the prior occupancy, and the landlord’s acceptance of the proposed tenancy is presumed from his receiving the rent, or other acquiescence. The agreement arises by implication of law from the conduct of the parties after the expiration of the former tenancy; and, in this respect, is essentially different from those agreements made by parties while in possession under an existing lease, for a new lease to commence in the future; as was the case of Armstrong v. Kattenhorn, 11 Ohio, 265, and Crawford & Murray v. Wick, 18 Ohio St., 190.
Here the new agreement grows out of, and is founded upon, the possession evidenced by the holding over, and is therefore referable to it, rather than to the possession under the prior agreement which had expired. The holding over is equivalent to a new entry; or, as said in Reed on the Statute of Frauds, section 806, concerning the application of the statute in such eases, the “effect of entry under a void lease, and of holding over after the expiration of a valid one, is identical.” And it is the settled law of this state, that a parol lease for a year, accompanied by possession, is not within the statute of frauds. Wilber v. Paine, 1 Ohio, 252; Moore v. Beasley, 3 Ohio, 294.

Judgment affirmed.